United States District Court
Southern District of Texas
**ENTERED**
November 25, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | 2:09-CR-919-1 |
| | § | (2:16-CV-274) |
| GUILLERMO BERRELLEZA | § | |
|     CASTORENA, | § | |
|     Defendant/Movant. | § | |

## MEMORANDUM OPINION & ORDER

Guillermo Berrelleza Castorena (Castorena) filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and a motion for status. D.E. 75, 76. The Court has reviewed the motion and concludes that summary dismissal is appropriate because "it plainly appears from the motion . . . and the record of prior proceedings that the moving party is not entitled to relief. . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2016) (2255 Rules).

### I.  BACKGROUND

Castorena pled guilty to conspiracy to transport unlawful aliens and illegal reentry. He was sentenced in March 2010 to 21 months' imprisonment on each count, to run concurrently, and to two years supervised release, also to run concurrently. He completed his sentence and was released on April 11, 2011. Since that time, his criminal case was transferred to North Carolina and he was sentenced pursuant to a petition for revocation that was filed on December 14, 2011. The district court in North Carolina forwarded the present motion to this Court for resolution.

## II. MOVANT'S ALLEGATIONS

Castorena claims that his original sentence was unlawfully enhanced, relying upon *Johnson v. United States*, 135 S.Ct. 2551 (2015).

## III. ANALYSIS

The Probation Office calculated Castorena's offense level before his original sentence using the grouping rules, thus computing a combined offense level for both counts. His base offense level was increased based upon the number of aliens he transported and because one of those aliens was an unaccompanied minor. His offense level did not involve any enhancement for a crime of violence or violent felony. *Johnson* has no application. Furthermore, Castorena served that sentence.

## IV.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Castorena has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A certificate of appealability (COA) "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Castorena is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of the claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Castorena's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 75), **DENIES** his motion for status (D.E. 76), and **DENIES** him a Certificate of Appealability.

It is so **ORDERED**.

**SIGNED** this 22nd day of November, 2016.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE